Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1845 | **DATE** | 04/13/2011 |
| **CASE TITLE** | Hoeller v. Fannie Mae | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Plaintiff's application to proceed *in forma pauperis* [4] and motion for appointment of counsel [5] are respectfully denied without prejudice. If Plaintiff wishes to renew his motion after clarifying the ambiguities identified below, he may do so at any time. If Plaintiff chooses not to renew his motion – or if any renewed motion is denied, Plaintiff will be obliged to pay the filing fee and serve the summons and complaint on Defendant.

■[ For further details see text below.]   Docketing to mail notices.Notices mailed by Judicial staff.

# STATEMENT

Along with a complaint [1], Plaintiff Timothy L. Hoeller has filed an application for leave to proceed *in forma pauperis* [4] and a motion for appointment of counsel [5].

The federal *in forma pauperis* statute is designed to ensure that indigent litigants have meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The statute allows a litigant to pursue a case in federal court without fees and costs provided that the litigant submits an affidavit which asserts an inability "to pay such costs or give security therefore," so long as the action is neither frivolous nor malicious. 28 U.S.C. § 1915(a)(1), (e)(2)(B)(ii). The Court relies on the financial affidavit to assess a party's claim to indigency. In order to file and proceed on a lawsuit *in forma pauperis* – that is, without paying the filing fee – "a plaintiff's income must be at or near the poverty level." *Bulls v. Marsh*, 1989 WL 51170, at *1 (N.D. Ill. May 5, 1989); see also *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980)).

In order to measure poverty level, many judges in this district use the poverty guidelines promulgated by the United States Department of Health and Human Services (available at http://aspe.hhs.gov/poverty/11poverty.shtml). The HHS poverty guidelines for 2011 for the 48 contiguous states and the District of Columbia set the poverty level for a family of one at an annual income level of $10,890.

In the financial affidavit accompanying Plaintiff's motion, Plaintiff states that he is currently "self-employed without income." However, in question 4, subparagraph c, Plaintiff avers that he receives "max $450/mo." in rental income. In addition, under subparagraph d of question 4, Plaintiff provides an ambiguous response. He checks the box indicating that he receives income from social security and has indicated in the line next to the box an amount of $200 per month. At the same time, next to that entry, Plaintiff states that he receives a "TOTAL BENEFIT" of $1790/mo. It is unclear whether this "TOTAL BENEFIT" is from social security, disability, or some other category or combination of categories. Nor is there any explanation as to why there are

| STATEMENT |
|---|

two substantially different amounts listed under subparagraph d. Plaintiff also receives unemployment benefits of $79 per week.

In terms of assets, Plaintiff has less than $200 in cash or checking or savings accounts. Plaintiff also avers that he owns real estate with a current value of $140,000. The affidavit suggests that the real estate is in foreclosure. Plaintiff states that the equity in the real estate is "unknown," but based on the representation that the property is in foreclosure, the Court will assume that there is no available equity. Finally, while Plaintiff indicates that he has two children who reside with their mother, he checks the box indicating that nobody depends on him for financial support.

The ambiguity in Plaintiff's affidavit – and, in particular, in his responses to question 4 – renders it impossible for the Court to grant Plaintiff's application to proceed *in forma pauperis* at this time. If the Court were to accept the representation that Plaintiff receives $1,790 per month in benefits, along with more than $750 per month in combined rental income and unemployment benefits, Plaintiff's financial resources would place him well above (in fact, more than 250% above) the poverty level for a family of one. However, if the Court were to ignore the "TOTAL BENEFIT $1790/mo" statement in the affidavit, Plaintiff may well qualify for IFP status. The Court has no basis for choosing between the competing versions of the relevant circumstances. Accordingly, the Court respectfully denies Plaintiff's motion for leave to proceed *in forma pauperis* [7], but without prejudice and with leave to file a renewed application if Plaintiff can demonstrate unambiguously that his income and other financial circumstances place him at or near the poverty level.

Plaintiff's motion for appointment of counsel [5] also is respectfully denied. The Court's authority to "request an attorney to represent any person unable to afford counsel" in a civil case is tied to the federal *in forma pauperis* statute, 28 U.S.C. § 1915(e)(1). See *Pruitt v. Mote*, 503 F.3d 647, 653-54 (7th Cir. 2007) (en banc). Because Plaintiff does not qualify for *in forma pauperis* status at this time, the Court is not in position to recruit counsel to represent him. Furthermore, Plaintiff's motion for appointment of counsel [5] states that he "elect[s] to present and litigate case as pro-se attorney." Based on this representation, it appears that Plaintiff may not have intended to file his motion for appointment of counsel. Plaintiff is advised that the services of the Court's Pro Se Help Desk are available to her by appointment in the Clerk's Office, 20th Floor, Dirksen Federal Building, if he requires assistance in regard to Court practices and procedures.