# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1845 | **DATE** | 6/9/2011 |
| **CASE TITLE** | Hoeller vs. Fannie Maie | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, the Court concludes that Plaintiff satisfies the financial requirements to proceed *in forma pauperis*. Accordingly, Plaintiff's motion to proceed in forma pauperis [9] is granted. Plaintiff's motion to invoke options for payment of fees [12] is denied as moot. In addition, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Plaintiff's complaint is dismissed without prejudice for failure to state a claim upon which relief can be granted. Plaintiff is allowed 30 days from the date of this order in which to file an amended complaint. The notice of motion date of 6/7/2011 is stricken and no appearances are necessary on that date.

■[ For further details see text below.]    Docketing to mail notices.

## STATEMENT

**I.    *In Forma Pauperis* Status**

Before the Court is Plaintiff's motion to invoke options of payment of fees [12], which is noticed for presentment on 6/7/2011. By way of background, the Court previously entered an order [6] denying Plaintiff's motion for leave to proceed *in forma pauperis* without prejudice in view of an ambiguity in Plaintiff's financial statement. Plaintiff subsequently filed a renewed motion for leave to proceed IFP [9]. At the hearing on that motion, the Court inquired about the ambiguity, which Plaintiff cleared up in statements made on the record in open court. Based on those clarifications, it is the Court's understanding that Plaintiff receives only $200 per month in social security benefits. When that amount is combined with the other monthly income that Plaintiff disclosed on his financial affidavit, his total annual income is approximately $11,640, and possibly a bit lower because he has estimated his rental income to be a maximum of $450 per month. Given that Plaintiff's maximum estimated income is less than $1,000 above the HHS poverty level, the Court is persuaded that Plaintiff satisfies the financial requirements to proceed *in forma pauperis* and that there is no need to consider any options for payment of fees. Accordingly, Plaintiff's motion to proceed in forma pauperis [9] is granted and Plaintiff's motion to invoke options for payment of fees [12] is denied as moot.

**II.    Dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii)**

This does not end the matter, however. The Court has been directed by Congress to perform a threshold review of any complaint filed along with a motion for leave to proceed *in forma pauperis*, and to dismiss cases under specified circumstances. See 28 U.S.C. § 1915(e)(2)(B)(ii). One such circumstance is if a complaint fails to state a claim on which relief may be granted. Id. ("[T]he court shall dismiss the case * * * if the court determines that the action or appeal fails to state a claim on which relief may be

| STATEMENT |
|---|

granted.") (emphasis added)).

Plaintiff's one-paragraph complaint purports to assert a claim under the "Amended Americans with Disabilities Act 2009" and the "Rehabilitation Act of 1975." [1]. In addition to the complaint, Plaintiff has attached a copy of a letter that he appears to have sent to the legal staff of the "Fannie Mae Resource Center." Because this letter was attached to the complaint, the Court considers it "a part of the pleading for all purposes." Fed. R. Civ. Proc. 10(c).

It appears that on March 12, 2011, Plaintiff attended a foreclosure auction for a certain townhome in Barrington, Illinois. Plaintiff alleges that he "had the highest bid" at the auction. Nevertheless, Plaintiff was unsuccessful in securing the property. The complaint suggests that Plaintiff encountered some difficulty in submitting a bid, or having his bid considered by the property owner (which was presumably Fannie Mae).

Plaintiff alleges that he receives Social Security benefits, Railroad Retirement, insurance payments for his inability to work, public assistance of disability, and veterans disability payments. Further, Plaintiff alleges that he is over 75 years old. Plaintiff claims that he is due a "reasonable accommodation under the Amended Americans with Disabilites Act [of] 2009." Further, Plaintiff alleges that "[u]nder the Rehabilitation Act of 1975, the payee in this situation is disabled under thinking as a major life activity for the inability to conduct problem solving* * *."

In order to state a claim for relief in federal court, a complaint must do two things. First, the complaint must comply with Federal Rule of Civil Procedure 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief" (Fed. R. Civ. P. 8(a)(2)), such that the defendant is given "fair notice of what the * * * claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C. v. Concentra Health Svcs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 127 S.Ct. at 1965, 1973 n.14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 127 S.Ct. at 1969. The Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

Even filtered through the liberal notice-pleading standards of the federal system and the generous reading that must be given to *pro se* complaints, Plaintiff fails to state a claim upon which relief can be granted.

The Americans with Disabilities Act, 42 U.S.C. §§ 12131-12134, and the Rehabilitation Act of 1973, 29 U.S.C. § 794, both prohibit discrimination against qualified persons with disabilities. Title III of the Americans with Disabilities Act 42 U.S.C. § 12181 et seq., prohibits discrimination by public accomodations on the basis of disability, and requires places of public accommodation and commercial facilities to be designed, constructed, and altered in compliance with accessibility standards. [FN1]

> [FN1] Title II of the ADA, 42 U.S.C. § 12131 et seq., prohibits discrimination by public entities on the basis of disability. "Public entity" includes any department, agency or instrumentality of a state or local government. 42 U.S.C. § 12131(1)(B). There is no allegation in the complaint that Fannie Mae is a "public entity" such that Title II of the Act would apply. Title I of the ADA is concerned with discrimination by employers against qualified individuals with disabilities. As Plaintiff does not allege that he was ever employed by Defendant, it does not appear that this part of the Act would apply either.

## STATEMENT

The Rehabilitation Act prohibits organizations that receive federal funds from discriminating on the basis of disability. *Community Services v. City of Milwaukee,* 465 F.3d 737, 746 (7th Cir. 2006). To that end, section 504(a) provides that "[n]o otherwise qualified individual with a disability in the United States * * * shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance* * *." 29 U.S.C. § 794(a). Although the statute itself does not contain a general accommodation requirement, the United States Supreme Court has held that it requires meaningful access to state benefits and therefore that "reasonable accommodations in the grantee's program or benefit may have to be made." *Alexander v. Choate,* 469 U.S. 287, 301 (1985).

The protections of both the Americans with Disabilities Act and the Rehabilitation Act may be invoked only by a person who is disabled. An individual has a "disability" within the meaning of the ADA if he (1) has a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (2) has a record of such an impairment; or (3) is regarded as having such an impairment. 42 U.S.C. § 12102. Major life activities include "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning and working." 29 C.F.R. § 1630.2(I). A major life activity is "substantially limited" when the person is unable to perform it or is significantly restricted in the manner, condition or duration in which she can perform it in comparison to the general population. *Kampmier v. Emeritus Corp.,* 472 F.3d 930, 938 (7th Cir. 2007), citing 29 C.F.R. § 1630.2(j).

Under the statute, "thinking" is a major life activity and a person who has a physical or mental impairment that limits his ability to think, concentrate, or communicate may be "disabled" under the statute. 42 U.S.C. § 12102(2)(a); see also *Nawrot v. CPC Int'l*, 277 F.3d 896, 904 (7th Cir. 2002) (thinking major life activity). While Plaintiff alleges that he "is disabled under thinking" and has the "inability to conduct problem solving," Plaintiff does not plausibly allege that he is disabled because he has not identified the "physical or mental impairment" from which he suffers that causes him these problems. Furthermore, Plaintiff does not explain how his ability to think and solve problems is restricted as compared to the abilities of the general population. Accordingly, dismissal of the complaint is appropriate.

If Plaintiff wishes to pursue this lawsuit, he must file an amended complaint. Plaintiff is allowed 30 days from the date of this order in which to file an amended complaint. If Plaintiff chooses to do so, he should include more detail not only about his disability but also about how Defendant wronged him. While Title III of the ADA prohibits public accommodations from discriminating against a person on the basis of a disability, 42 U.S.C. § 12182(a), Plaintiff's current complaint does not explain how Defendant discriminated against or failed to accommodate him.