Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 1845 | **DATE** | 6/9/2011 |
| **CASE TITLE** | Hoeller vs. Fannie Mae | | |

**DOCKET ENTRY TEXT**

Before the Court is Plaintiff's motion to reconsider hearing [15]. In that motion, Plaintiff complains that the Court issued a written decision [14] on his then-pending motion for leave to proceed *in forma pauperis* [9] and motion to invoke options for payment of fees [12] without holding a hearing. The motion for reconsideration [15] is denied and the notice of motion date of 6/14/2011 is stricken. No appearances are necessary on that date and the case will not be called. For further explanation, please see below.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

Plaintiff has requested that the Court allow him to proceed *in forma pauperis* – that is, without the prepayment of the $350 filing fee for a civil action. In the Court's initial order [6], the Court pointed out an ambiguity in Plaintiff's financial affidavit that rendered it impossible for the Court to determine whether Plaintiff qualified for IFP status. The Court explained the ambiguity in the minute order and gave Plaintiff time to submit a renewed motion along with additional information.

On May 26, 2011, Plaintiff appeared in court. In response to the Court's inquiries, Plaintiff provided additional explanation of the representations made on his financial affidavit. As explained in the Court's June 6 order [14], Plaintiff's clarification of his financial circumstances enabled the Court to determine that Plaintiff qualifies for IFP status.

However, between the time of the May 26 hearing and the June 6 order, Plaintiff had filed another motion [12] seeking to invoke options for payment of fees. The motion states that "an order was entered to deny *in forma pauperis* filing by the Plaintiff, Mr. Hoeller, Pro-Se on May 26, 2011," which indicates that Plaintiff misunderstood the Court's statements at the May 26 hearing. The Court did not deny the IFP motion; instead, as the docket entry [11] reflects, the motion was taken under advisement. Since then, as noted above, the IFP motion has been granted [14], thus rendering Plaintiff's motion to invoke options for payment of fees [12] moot. Because the Court has granted Plaintiff all of the relief that he possibly could request in regard to the payment of filing fees – in fact, Plaintiff need not pay a filing fee at all – there was no cause for hearing on Plaintiff's alternative motion to invoke options for payment of fees and the hearing date of 6/7/2011 was stricken. There certainly was no due process right to a hearing on a motion that was granted and a second motion that was moot as a consequence of the court's action on the first motion.

As the Court's June 6 order further explained, even with the issue of the filing fee set to the side, there was

| STATEMENT |
|---|

the remaining question of whether Plaintiff's initial complaint could survive the threshold review that Congress has directed the Court to conduct under 28 U.S.C. § 1915(e)(2)(B)(ii). For the reasons explained in the June 6 order, Plaintiff's existing complaint is deficient under Section 1915(e)(2)(B)(ii). The Court will not repeat that analysis, except to say that the only consequence at this time is that Plaintiff must submit an amended complaint that addresses the deficiencies within the time period allotted in the June 6 order.

It appears from Plaintiff's motion for reconsideration that he intended to raise at the June 7 motion hearing several matters in addition to the "options for payment of fees" set forth on the face of the motion – including "methods of review of the case which is classified as a civil rights complaint, and follow-up action in the service of a summons." Those are matters that can be taken up with the Court in due course at a future status hearing. Similarly, any request by Plaintiff for a live hearing at which he will present evidence must await a determination that Plaintiff has on file a complaint that provides notice to Defendant of a plausible claim for relief and the basis upon which that claim rests. If Plaintiff's amended complaint is deemed satisfactory after the Court undertakes its Section 1915 review, the Court not only will allow Plaintiff to proceed without the prepayment of the filing fee, but also will appoint the United States Marshals Service to serve the summons and complaint on Defendant. For the time being, any discussion of the issues raised in the motion for reconsideration would be premature. All that Plaintiff need do at present is comply with the Court's directions in the June 6 order concerning the filing of a proposed amended complaint. Again, Plaintiff is reminded that the Court's Pro Se Help Desk may be available to assist Plaintiff with understanding the Court's rules and procedures and the form that documents should take when filed with the Court.

*[signature]*